FILED

December 2 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0249

DA 14-0249

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 320N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

THOMAS NICHOLAS BOYLES,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                 In and For the County of Flathead, Cause No. DC 05-500
                 Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Thomas Nicholas Boyles, self-represented, Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Brenda K. Elias, Assistant
          Attorney General, Helena, Montana

          Edward J. Corrigan, Flathead County Attorney, Kalispell, Montana

                          Submitted on Briefs: November 13, 2014
                                  Decided: December 2, 2014

Filed:

                                 Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Thomas Boyles appeals the Eleventh Judicial District Court's denial of his motion for regular visiting privileges. Boyles is serving a prison term at Montana State Prison (MSP) as the result of his 2007 conviction of three counts of felony sexual assault, all involving minor children. On July 26, 2007, the District Court sentenced Boyles to concurrent prison terms of forty years, with twenty years suspended on each count. The court's written judgment, filed September 4, 2007, set forth numerous "conditions of parole and probation," including standard sex offender conditions and a specific condition that he not have contact with the victims. Boyles filed an application for sentence review and, on February 28, 2008, the Sentence Review Division of this Court affirmed his sentence.

¶3 On January 10, 2014, Boyles filed a motion with the sentencing court seeking to compel MSP to allow him regular visitation privileges. Boyles alleged that MSP was restricting the privileges of inmates convicted of sex offenses to visit with their family members unless they had clarification from the sentencing court. He attached to his motion proof of his successful completion of sex offender treatment, positive evaluations

2

from his treatment providers, and a letter from the MSP Sexual Offender Treatment Department advising that it "has no clinical objection" to Boyles having visitation at MSP with minor children or while minor children are present. Boyles also attached a July 7, 2013 letter from MSP Visiting Supervisor Lt. Harold Strey, advising him that because of confusion arising from differing language in sex offender judgments entered by courts around the state, "it will now be required for all sex offenders to petition their sentencing judge and request that their case be reviewed to see if the judge feels it is appropriate for sex offenders to visit when minors are present in a prison environment." Strey's letter advised that until such documentation is received, visits for sex offenders will be restricted to Wednesdays and Fridays. Boyles asked the District Court to enter an order "mandating that he be allowed to have visits on all established visiting days."

¶4 After receiving a response from the State, the District Court entered an order denying Boyles' request on the ground that "[t]he management of an inmate's visitation privileges is within the discretion and authority of the Department of Corrections." Boyles challenges this order on appeal, arguing that he is being treated differently from other inmates who have not been convicted of sexual offenses and are allowed visiting privileges on consecutive days, and from other sexual offenders, whom he claims have received orders from their sentencing judges allowing regular visitation. Boyles points out that, by restricting family visits to Wednesdays and Fridays, family members of sexual offenders must stay an additional night in the community and pay for the extra cost. He argues that he is getting "the classic bureaucratic runaround" when the

3

Department of Corrections "tells the inmates to file with their sentencing courts" and the courts then "tell the defendant that they have no authority."

¶5 The State agrees with Boyles that the condition included in his judgment that restricts Boyles' unsupervised contact or socialization with minors does not apply while he is incarcerated but "relates solely to his term of probation[.]" It argues nonetheless that the sentencing court lacks authority to direct MSP's management decisions and especially cannot do so in conjunction with Boyles' request to clarify or correct his sentencing order, which the court has no authority at this point to modify or change.

¶6 "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Quigg v. Slaughter*, 2007 MT 76, ¶ 31, 336 Mont. 474, 154 P.3d 1217 (quoting *Wright v. Mahoney*, 2003 MT 141, ¶ 8, 316 Mont. 173, 71 P.3d 1195). Our cases long have recognized that "prison officials are accorded 'wide ranging deference' in adopting and executing policies to preserve internal order and discipline among the inmates, including 'prophylactic and preventative measures intended to reduce the incidence' of breaches of prison order." *Jellison v. Mahoney*, 1999 MT 217, ¶ 12, 295 Mont. 540, 986 P.2d 1089.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court correctly ruled that the sentencing court may not direct the administration

4

of the prison's visiting rules and restrictions for a particular inmate and we affirm its order for that reason.

¶8     Nonetheless, the State having conceded that the conditions imposed in Boyles' judgment plainly do not apply to the terms of his incarceration, we direct counsel for the State to provide the Department of Corrections with a copy of this opinion.  Boyles' frustration is understandable and he raises an issue that seemingly may be resolved without further court intervention.


                                        /S/ BETH BAKER


We concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE